## L. C. Turner, Appellee, v. M. E. Paige, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of Granite City; the Hon. M. R. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed May 1, 1915.

### Statement of the Case.

Action of assumpsit by L. C. Turner against M. E. Paige to recover damages for the failure of the defendant to comply with the terms of an oral contract made by him to construct a house for the plaintiff. The jury found for the plaintiff in the sum of $180, for which judgment was given. From the judgment entered, the defendant appeals.

The evidence showed that after the house was substantially completed plaintiff took possession and moved in. He claimed that defendant failed to install a furnace, complete the back porch, tint the walls and enamel certain doors according to his agreement. Defendant claimed that by agreement the furnace was omitted and that the house was completed in accordance with the terms of the contract. The weight of the evidence supported the claim of the defendant; and showed that after the house was completed and plaintiff had moved in, the parties had an adjustment of their accounts, that a full settlement was made, the amount the plaintiff owed the defendant was agreed upon and plaintiff's notes, secured by a second mortgage on the property, were given therefor.

The court instructed the jury for plaintiff, that if they believed from all the evidence that defendant had failed to perform all or any part of his contract, if they found there was a contract and that plaintiff had suffered damages thereby, they should find the issues for the plaintiff.

T. T. HINDE, for appellant.

A. R. JOHNSON and ALEXANDER FLANNIGAN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1101*—*when appellee's failure to file brief ground for reversal.* Under Rule 27 of the Appellate Court of the fourth district, a judgment may be reversed *pro forma* where the appellee fails to file a brief.

2. WITNESSES, § 42*—*when one spouse may testify as to acts done as agent for the other.* A wife cannot testify in behalf of her husband on the theory that she acted as his agent in a transaction, as to matters beyond the scope of the agency.

3. BUILDING AND CONSTRUCTION CONTRACTS, § 103*—*sufficiency of evidence in action for contractor's failure to comply with contract.* The defendant *held* entitled to a verdict in an action against a contractor for failing to construct a building according to the terms of a contract, where it appeared that previous to the action the building was accepted by the plaintiff, a settlement made with the contractor, and notes given for the balance due him.

4. BUILDING AND CONSTRUCTION CONTRACTS, § 105*—*instructions in action for contractor's failure to comply with contract.* An instruction in an action to recover damages for the failure of a contractor to complete a building according to the terms of a contract, that a verdict should be returned for the plaintiff if the jury found that the defendant failed to perform all or any part of his contract, *held* erroneous, because failing to refer to the claim of the defendant that before the bringing of the action there had been a full settlement between him and the plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.